# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **William and Maureen Anello**<br>362 Alba Court<br>West Grove, PA 19390<br>Chester County, Pennsylvania | *<br>*<br>*<br>* | ⁻0 7 ⁻ 6 6 8 ⁻ |
| **Plaintiffs**<br>v. | * | Civil Action No._____ |
| **Indian River School District**<br>Serve On:<br>Susan S. Bunting (officially)<br>31 Hoosier St.<br>Selbyville, DE 19975<br>Sussex County, Delaware | *<br>*<br>*<br>* | |
| and | * | |
| **Susan S. Bunting (officially)**<br>**Superintendent of Schools**<br>**Indian River School District** | *<br>* | |
| **Defendants** | *<br>* | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2007 OCT 24  AM 10: 50

## COMPLAINT FOR MONETARY DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF

### *JURISDICTION*

This Honorable Court has jurisdiction over this matter pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §1400 *et seq.*, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. §794 *et seq.*, 42 U.S.C. § 1983 ("Section 1983") and 28 U.S.C. §§1331 and 1343. This Court has pendant jurisdiction pursuant to 14 Del. C. § 3100 *et seq.* Plaintiffs bring this Complaint seeking review of a decision of a Delaware Department of Education Due Process Hearing Panel, rendered on August 1, 2007, and transmitted by the Panel to the parties on August 1, 2007.

### *PARTIES*

1.  William and Maureen Anello ("the parents") have a daughter with a specific learning disability as defined by IDEA and § 504 and all of whom, at all times relevant to this action, resided in the jurisdiction of the Indian River School District in Sussex County, Delaware. The parents, requested an impartial due process hearing §1415(f) (1) (A), conducted by the state educational agency DE DP 07-20, to have educational issues resolved. Having received the finding and decision in that hearing, the parents, as aggrieved parties, have the right to commence suit in federal court: "Any party aggrieved by the findings and decision made [by the hearing panel] shall have the right to bring a civil action with respect to the complaint." §1415(i) (2) (A); see also §1415(i) (1).

2.      Indian River School District ("IRSD") is a local educational agency as defined by 20 U.S.C. §1401 and is responsible for complying with the federal law and state law with respect to the provision of a free appropriate public education ("FAPE") to disabled children residing within the jurisdiction of their district.

3.      Susan S. Bunting (the "Superintendent") is the Superintendent of the local educational agency in charge of providing a free appropriate public education to disabled children residing in the Indian River School District. She is responsible for ensuring that the local educational agency acts in accordance with the law in the delivery of special education and related services to disabled children within the agency's jurisdiction. She is sued in her official capacity.

## STATEMENT OF FACTS

4.      The issues in this case were originally decided by a Delaware Department of Education due process hearing panel and appealed by plaintiff in Family Court of the State of Delaware in and for Sussex County. On January 19, 2007 the Honorable Kenneth M. Millman issued an order reversing the panel's decision and remanded the case back to a due process education panel.

5.      Parent's daughter was identified as a disabled person under the American Disabilities Act § 504 during the 2002-2003 school year in the White Plains School District, (WPSD) New York, when she was in second grade.

6.      Mr. & Mrs. Anello and their disabled child move from the WPSD, to Ocean View, Delaware and into IRSD during the summer of 2003.

3

7.      On or before August 6th, 2003 Parents enrolled their daughter in Lord Baltimore Elementary School as a disabled 3rd grade student with a 504 plan developed to address her needs and ready for implementation for the 2003-2004 school year.

8.      The district held a 504 meeting without the Parents to discuss the NY 504 plan on or before September 15, 2003.

9.      The IRSD 504 team accepted the NY testing and NY 504 plan with the classroom accommodations on September 15, 2003 and agreed to continuation of 504 due to all listed disabilities.

10.     There was no formal or informal testing performed by the IRSD prior to developing their own 504 plan which was offered to the Parents on September 22nd, 2003.

11.     The IRSD 504 plan as presented to the parents for approval on September 22nd, 2003, had no related services provisions and lacked the majority of the NY 504 classroom accommodations the district had previously agreed to accept.

12.     Parents concerned their daughter's disability would not be properly address in the IRSD plan requested the district evaluate their daughter on September 22nd, 2003. In response to the Parent's request, the district obtained a signed permission to evaluate.

13. On September 22, 2003, after Parents have originally disagreed to the IRSD plan presented, the IRSD 504 coordinator assigned the 3rd grade classroom teacher to monitor the daughter's academic performance for any signs indicating lack of appropriate progress or regression and directed her to report them to the 504 coordinator.

14. The district having already determined no related services were warranted, the 3rd grade teacher requested the Parents seek outside tutoring to address their daughter's poor performance in Math and Reading as she recorded them by grades on the first marking period mid-term progress report on October 2, 2003.

15. Parent initiated numerous conservations with the teacher to discuss their daughter's continued lack of progress, despite parent provided interventions thought the 1st and 2nd marking periods. On January 19, 2004 Parents initiated a meeting with the 504 team coordinator to discuss the lack of progress and review the 504 plan.

16. At the 504 meeting held on February 3, 2004, Maureen Anello made another request for evaluations and IRSD obtained a second signed permission to evaluate.

17. By letters dated on or about February 3rd and April 8th, 2004, the district altered the Parents their daughter was failing the regular education 3rd grade curriculum and was in danger of being retained.

18.  Parents made third request on April 28, 2004 for evaluations.

19.  On May 18, 2004, the district performed a psycho-educational assessment.

20.  On June 11th, 2004, the district provided the Parents formal notice that they decided to deny their daughter promotion to the 4th grade due and would place her again in the 3rd grade for the 2004-2005 school year due to her failure to make sufficient progress towards the state standard and failure to achieve passing grades in the 2003-2004 school year.

21.  The district did not provide the appropriate evaluations as mandated by federal and state regulations to determine whether or not Parents daughter's disability adversely affected her educational performance even though lack of progress was documented by her teacher though out the 2003-2004 school year.

22.  At the end of the school year, during the June 14th, 2004, IDEA eligibility meeting, the district's psychologist reported the daughter's disabilities did adversely affect her education and the IRSD classified her as a student with a Learning Disability.

23.  On July 9th, 2004, the district convened an IEP meeting at which time the district and the parent were to develop an IEP for the 2004-2005 school year.

24. On or about July 12, 2004, Parents contacted district's Supervisor of Special Education expressed concern with the IEP and she refused to review or revise the IEP for the 2004-2005 school year.

25. Parent formally rejected the district's IEP program and placement on or about July 21, 2004.

26. On or about August 20, 2004, Parents provided the district of their decision to unilaterally place their daughter in the Lighthouse Christian School.

27. On or about August 31, 2004, Parent filed a request for a due process hearing with the Dept. of Education and a due process hearing was held on January 20, 24, February 15, March 15, and 17, 2005.

28. The hearing panel issued a decision in favor of IRSD on June 30, 2005.

29. The Parents appeal the decision to Sussex County Family Court on September 27, 2005.

30. The Court reversed the panel's decision and the case was remanded to a due process educational panel for the purpose of determining if the district timely identified Gabby as a special needs student for the 2003-2004 school year, whether the district provided Gabbie with an appropriate IEP for the 2004-2005 school year and if the IRSD failed to satisfy either obligation, the panel shall decide an appropriate remedy.

31. A second due process hearing was held on May 24 and 30, 2007.

32. The hearing panel issued a split decision in favor of IRSD. The decision is dated August 1, 2007, and was transmitted to the parties by email on August 1, 2007.

### *ISSUES FOR JUDICIAL REVIEW*

33. As the funding agency, IRSD had a duty to timely identify Parents' daughter as a learning disabled student and timely provide her with an Individual Education Program for the 2003-2004 school year. 20 U.S.C. § 1414(d) (4) (A) (i). IRSD failed to do so.

34. The IRSD as of September 22, 2003, first retained permission to evaluate and failed to provide all appropriate evaluations by qualified, trained and knowledgeable personnel necessary to evaluate the identified disabilities in a timely manner. 34 C.F.R. §300.531-300.536, see also 20 U.S.C. § 1414(d) (4) (A) (i). The Due Process Hearing Panel then erred by determining IRSD had no obligation to evaluate prior to February 3, 2004 when they treated the second permission to evaluate as if it was the first time parents requested "further" evaluations.

35. IRSD had an obligation to develop an Individual Education Program calculated to provide meaningful educational benefit under the common law standard of *Rowley* and Third Circuit Court for more *de-minius* benefit and ready for implementation by the beginning of the 2004-2005 school year. 20 U.S.C. § 1414(d) (2) (A). IRSD failed to

meet this obligation. The Due Process Hearing Panel erred by finding there was no requirement to have an Individual Education Program calculated to provide meaningful educational benefit in effect by the first day of the 2004-2005 school year. The Due Process Hearing Panel also erred when finding that the Individual Education Program in draft form was "a very good start that could provide meaningful educational benefit".

36. The IRSD pre-determined placement prior to program development on June 11, 2004 and then developed a program to conform that placement on July 9, 2004.

37. By failing to develop an appropriate Individual Education Program, the IRSD failed to offer Parents daughter a free appropriate public education (FAPE) by the beginning of the 2004-2005 school year. The Parents thus had no choice but to place their daughter at Lighthouse Christian School.

38. The Due Process Hearing Panel erred in their decision by failing to apply the appropriate law either cases or statutes as they related to the parents' issues for identification, evaluation, educational placement, and provision of a free appropriate public education (FAPE).

39. The Due Process Hearing Panel erred by impeding many facts into their decision unsupported by testimony or any accepted evidence disclosures.

40. The Due Process Hearing Panel misinterpreted Federal Rules of Evidence # 401 and 702 thus prohibiting the Parents from presenting any evidence to support their claim of appropriate remedy and as such denied the parents right to due process. 20 U.S.C. §1415(f)(1)(A)

41. The Due Process Hearing Panel failed to include the position of the Parents including their major points of presentation. 20 U.S.C. §1415 (f)(1)(A)

### *RELIEF REQUESTED*

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court:

a. Enter a finding that Defendants did not offer a free appropriate public education to Plaintiffs daughter for the 2003-2004 school year because they failed to timely "Child Find".

b. Enter a finding that the 2004-2005 Individualized Education Program offered by the Defendants was not appropriately calculated and ready for implementation by the start of the school year.

c. ORDER the Defendant provide monetary compensatory education for the denial of free appropriate public education during the 2003-2004 school year so as to provide tuition and all related costs of an intensive remedial private education and continuing until such time as Plaintiffs' daughter's achievement is commensurate with her age appropriate peers

d. ORDER the Defendant to reimburse the Parents for the tuition and

related expenses of the Lighthouse Christian School for the 2004-2005 school year for their failure to offer free appropriate public education through an Individualized Educational Program calculated to provide meaningful educational benefit.

    e. ORDER the Defendants to reimburse the Parents for the costs of attorneys' fees, expert witness fees, and other litigation expenses related to the administrative hearing and this action; and

    f. ORDER such other and further relief as the nature of this case and justice require.

RESPECTFULLY SUBMITTED,

*[signature]*
Maureen Anello
*Pro Se litigant*
362 Alba Court
West Grove, PA 19309
(484) 667-8162

Date: October 04, 2007

≡07-668–

≋JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Maureen + William Anello
362 Alba Court
West Grove, PA 19390

**DEFENDANTS** Indian River School District
Susan Bunting (officially) 31 Hoosier St.
Selbyville, DE 19975

(b) County of Residence of First Listed Plaintiff  Chester Co., PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Sussex
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) a+a (484) 667-8162
Pro se litigant

Attorneys (If Known) James McMackin, III
Morris James, LLP
500 Delaware Ave, Suite 1500, Wilmington DE 19801-1494

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☑ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☑ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
§504 and 20 USC §1400 et. seq. §28 USC §1654
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 128,500.00    CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☑ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): Winkelman v. Parma City S.D.    JUDGE Kennedy    US Supreme Court    DOCKET NUMBER 05-983

DATE 10/24/2007    SIGNATURE OF ATTORNEY OF RECORD   Maureen Anello pro se litigant

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

RE:  C.A.# 07-668

CASE CAPTION: _____ v. _____

## ACKNOWLEDGMENT OF RECEIPT FOR F.R.Civ.P. 4

I hereby acknowledge receipt of a copy of Rule 4 (Summons) of the Federal Rules of Civil Procedure, and understand that it is my responsibility to make service of process on defendants in accordance with this rule.

Date Received by Plaintiff: 10/24/07     Signed: _____ Pro Se Plaintiff

Date Received by Clerk's office: 10/24/07     Signed: _____ Deputy Clerk

Note: If you received Federal Rule 4 by mail, please sign this receipt and return it to:

Clerk
U.S. District Court
844 N. King Street
Lockbox 18
Wilmington, DE 19801

If applicable, Rule 4 mailed to plaintiff:

_____
Date mailed

_____
By Deputy Clerk

cc: Docketing Clerk

wp\forms\rule4receipt 2-04

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. \_\_\_07 - 668\_\_\_

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF \_\_\_2\_\_\_ COPIES OF AO FORM 85.

10/04/2007
(Date forms issued)

(Signature of Party or their Representative)

Maureen Anello
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action