IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM and MAUREEN ANELLO, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 07-668 GMS |
| ) | |
| INDIAN RIVER SCHOOL DISTRICT ) | |
| and SUSAN S. BUNTING, ) | |
| ) | |
| Defendants. ) | |

## ANSWER TO COMPLAINT

Defendants Indian River School District (the "District") and Susan Bunting ("Bunting", and collectively with the District, the "Defendants") acknowledge this Court has jurisdiction over this matter pursuant to the Individual With Disabilities Education Act ("IDEA").

1. Denied; except admitted William and Maureen Anello (the "Anello's") have a daughter ("Student") who is learning disabled in reading and who, during the 2003 – 2004 school year, resided in the territorial limits of the District. The District does not know where the Student resided thereafter. The second sentence of paragraph 1 is incomprehensible, and thus, denied. The Parents' standing under IDEA is not disputed.

2. The allegations in Paragraph 2 state a conclusion of law to which no responsive pleading is required.

3. The allegations in Paragraph 3 state a conclusion of law to which no responsive pleading is required. To the extent a response is required, denied; except admitted Bunting is the Superintendent of the District.

4. Denied; except admitted that the Anellos appealed to the Family Court of the State of Delaware in and for Sussex County a determination made by a due process hearing

panel. It is further admitted that Judge Kenneth M. Millman affirmed in part and reversed in part the hearing panel's decision and remanded the case back to the due process hearing panel.

5. The District lacks sufficient information to admit or deny the allegations set forth in Paragraph 5. By way of further response, the District has received documents indicating that Student was identified as eligible to receive services under Section 504 prior to arriving in the District.

6. The District lacks sufficient information to admit or deny the allegations set forth in Paragraph 6.

7. Denied; except admitted that the Parents enrolled Student in the District in/or around August 2003 and that Student had a 504 plan at the time. By way of further response, the District implemented the 504 plan for the 2003 – 2004 school year.

8. Denied; except admitted that on September 15, 2003, the District's 504 Coordinator reviewed Student's file.

9. Denied; except admitted that the District accepted the 504 plan that Student offered from New York and provided the classroom accommodations set forth in Student's 504 plan.

10. Denied.

11. Denied.

12. Denied; except admitted that on September 25, 2003, the District administered an Occupational Therapy ("OT") evaluation. It is admitted that the District obtained permission to evaluation prior to administering the OT evaluation. The District lacks sufficient information to admit or deny the Parents' concern regarding their daughter.

13.     Denied; except admitted that the Student's classroom teacher monitored Student's academic performance for any signs indicating lack of appropriate progress, and to ensure Student received all necessary accommodations.

14.     Denied.

15.     Denied; except admitted that Parent initiated numerous contacts with District personnel to discuss Student's academics. Admitted that a meeting was held between the Parents and the District on February 3, 2004 and that Student's academics and progress were reviewed and discussed.

16.     Denied; except admitted that at the February 3, 2004 meeting, Maureen Anello signed a permission to evaluate.

17.     Denied; except admitted the letters dated February 3 and April 8, 2004 speak for themselves.

18.     Denied; except admitted that on April 28, 2004, Mrs. Anello provided a request for a psychological evaluation for the first time.

19.     Admitted.

20.     Denied; except admitted that the District notified the Parents that Student would be retained in the third grade for the 2004 – 2005 school year.

21.     The allegations set forth in Paragraph 21 state a conclusion of law to which no responsive pleading is required. To the extent a response is required, denied.

22.     Denied; except admitted that on June 14, 2004, Student's IEP Team met and identified Student as eligible to receive services under the IDEA. The IEP Team arrived at this conclusion based upon, among other things, the District's school psychologist's report.

23. Denied; except admitted that on July 9, 2004, and IEP meeting was held at which time the District and Mrs. Anello attempted to prepare an IEP for the 2004 -2005 school year.

24. Denied; except admitted that on or about July 12, 2004, Mrs. Anello contacted Darlene St. Peter.

25. Denied; except admitted that on or about July 21, 2004, the Parents informed the District that they were dissatisfied with the IEP as currently prepared.

26. Admitted. By way of further answer, Student inform District employees during the 2003 – 2004 school year that she was going to Lighthouse Christian School the following year, and Lighthouse Christian School requested Student's records in July 2004.

27. Admitted.

28. Admitted.

29. Admitted.

30. Denied; except admitted the Sussex County Family Court decision speaks for itself.

31. Admitted.

32. Denied; except admitted that the hearing panel decision speaks for itself, and is dated August 1, 2007.

33. The allegations set forth in Paragraph 33 state a conclusion of law to which no responsive pleading is required. To the extent a response is required, denied.

34. The allegations set forth in Paragraph 34 state a conclusion of law to which no responsive pleading is required. To the extent a response is required, denied.

35. The allegations set forth in Paragraph 35 state a conclusion of law to which no responsive pleading is required. To the extent a response is required, denied.

JYM/112152-0001/1631006/1

36. Denied.

37. The allegations set forth in Paragraph 37 state a conclusion of law to which no responsive pleading is required. To the extent a response is required, denied.

38. The allegations set forth in Paragraph 38 state a conclusion of law to which no responsive pleading is required. To the extent a response is required, denied.

39. The allegations set forth in Paragraph 39 state a conclusion of law to which no responsive pleading is required. To the extent a response is required, denied.

40. The allegations set forth in Paragraph 40 state a conclusion of law to which no responsive pleading is required. To the extent a response is required, denied.

41. The allegations set forth in Paragraph 41 are incomprehensible and thus denied.

WHEREFORE, Defendants respectfully request this Honorable Court enter an Order:

    a. dismissing the Complaint with prejudice;

    b. ordering such other and further relief as the Court deems appropriate;

    c. Order the Parents to reimburse the Defendants for the cost of attorney's fees and other expenses related to this action.

## FIRST ADDITIONAL DEFENSE

The District timely engaged in "Child Find".

## SECOND ADDITIONAL DEFENSE

Parents fail to state a claim upon which relief can be granted.

## THIRD ADDITIONAL DEFENSE

The relief requested by the Parents in the form of "intensive remedial private education" continuing until such time as Student achieves commensurate with her peers is inappropriate.

## FOURTH ADDITIONAL DEFENSE

Expert witness fees are not compensable under IDEA or applicable law.

## FIFTH ADDITIONAL DEFENSE

Dr. Bunting is not an appropriate defendant in this case because, among other reasons, IDEA does not permit individual defendants to be named, and because she was not the superintendent during the 2003 – 2004 school year.

## SIXTH ADDITIONAL DEFENSE

"Monetary Compensatory Education" is not available under the circumstances.

## SEVENTH ADDITIONAL DEFENSE

There is no allegation that the decision by the hearing panel is not supported by substantial evidence.

## EIGHTH ADDITIONAL DEFENSE

The hearing panel's decision is supported by substantial evidence.

## NINTH ADDITIONAL DEFENSE

The hearing panel made no mistake of law.

## TENTH ADDITIONAL DEFENSE

There is no evidence that placement at Lighthouse Christian School was appropriate.

## ELEVENTH ADDITIONAL DEFENSE

The Parents lack standing to bring action under Section 1983 and under Section 504.

## TWELFTH ADDITIONAL DEFENSE

Parents acted unreasonably.

### THIRTEENTH ADDITIONAL DEFENSE

The request for attorney's fees must be denied because Parents were not represented by counsel during the proceedings below and are not represented now.

### FOURTEENTH ADDITIONAL DEFENSE

Parents and/or Student failed to exhaust administrative remedies under Section 504.

### FIFTEENTH ADDITIONAL DEFENSE

The District had to rule out other causes of Student's purported learning issues before identifying her for special education services.

### SIXTEENTH ADDITIONAL DEFENSE

The District did what was best for student despite the Parents' efforts to the contrary.

### SEVENTEENTH ADDITIONAL DEFENSE

The District rightfully used other interventions before referring Student to the Special Education Department.

### EIGHTEENTH ADDITIONAL DEFENSE

The District timely offered interventions which were successful but these and other interventions were refused by the Parents.

### NINETEENTH ADDITIONAL DEFENSE

The Parents misled the District into believing the Parents were satisfied with the Student's education.

### TWENTIETH ADDITIONAL DEFENSE

As an equal member of the IEP Team, the Parents had an obligation to be straightforward with the District.

## TWENTY FIRST ADDITIONAL DEFENSE

Student's IEP was recently calculated to provide meaningful educational benefits.

## TWENTY SECOND ADDITIONAL DEFENSE

Compensatory education is not available as a matter of law.

## TWENTY THIRD ADDITIONAL DEFENSE

There is no basis in the record justifying the Student's placement in a private school or private tutoring at public expense.

## TWENTY FOURTH ADDITIONAL DEFENSE

There is no evidence that the Student requires private school to remedy the alleged deficiencies with Student's education.


MORRIS JAMES LLP

_/s/ James H. McMackin, III_
David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900/5849
Attorneys for Defendants

Dated: November 13, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM and MAUREEN ANELLO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-668 GMS |
| | ) | |
| INDIAN RIVER SCHOOL DISTRICT and SUSAN S. BUNTING, | ) ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on November 13, 2007, I electronically filed the attached **ANSWER TO COMPLAINT** with the Clerk of Court using CM/ECF, and that I have mailed by United States Postal Service the document to the following non-registered participant:

William Anello
362 Alba Court
West Grove, PA  19390

Maureen Anello
362 Alba Court
West Grove, PA  19390

/s/ David H. Williams
David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900/5849

Dated:  November 13, 2007          Attorneys for Defendants

JYM/112152-0001/1632313/1