# Morris James LLP

James H. McMackin, III
302.888.5849
jmcmackin@morrisjames.com

January 2, 2008

**VIA E-FILING**

The Honorable Leonard P. Stark
United States Magistrate Judge
U.S. Courthouse
844 King Street
Lockbox 26
Wilmington, DE 19801

        RE:   *Anello, et al. v. Indian River School District, et al.*
                  C.A. No. 07-668-LPS

Dear Judge Stark:

        I write to you in response to your December 5, 2007 letter and proposed scheduling order. On behalf of the defendants, the Board of Education of the Indian River School District and Dr. Susan S. Bunting (the "Defendants"), I respectfully write to inform you that an appeal of a special education matter from the administrative hearing panel to the U.S. District Court does not present to the Court the typical litigation items that need to be scheduled in other matters. I submit to you that the only issues in this case are whether or not the due process hearing panel erred as a matter of law, and whether or not the hearing panel's decision is supported by substantial evidence. These issues can be presented to the Court through briefing and/or oral argument. Consequently, discovery and the other scheduled items provided for in the proposed scheduling order are not necessary in this case.

        In 2004, Mr. and Mrs. Anello filed a request for a due process hearing with the Delaware Department of Education on behalf of their daughter. The due process hearing panel found in favor of the District. Mr. and Mrs. Anello appealed to the Family Court of the State of Delaware. The Family Court remanded the case back to the hearing panel to decide two main issues. First, whether the Indian River School District failed to identify the student as a child with a disability in need of special education under the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* and Chapter 31 of Title 14 of the Delaware Code; and second, whether the Individual Education Plan ("IEP") offered to the student for the 2004/2005 school year was appropriate. On remand, the due process hearing panel found for the District on all counts with the exception of a finding that the District shall reimburse the parents for expenses incurred at Sylvan Learning Center and a private tutor for the period of time from May 20, 2004 to the end of the 2003/2004 school year. Mr. and Mrs. Anello were ordered to provide verification for such out-of-pocket expenses to the undersigned within 30 days of the date of the due process hearing panel's decision (dated August 1, 2007, so such verification was due by

Morris James LLP

The Honorable Leonard P. Stark
January 2, 2008
Page 2

September 1, 2007). Such verification was not provided pursuant to the due process hearing panel's order. Therefore, the District has no obligation to provide reimbursement (see Due Process Hearing Panel decision at page 26).

On appeal to the Family Court previously, no new evidence was provided by the parties. No new evidence should be presented here either- "Judicial review of administrative actions, even when the reviewing court is a single federal district judge rather than a panel of appellate judges, is ordinarily conducted on the basis of the record compiled in the administrative proceeding. The judge does not take new evidence; he decides whether the evidence in the administrative record supports the agency's findings." *Hunger v. Leininger*, 15 F.3d 664 (7th Cir. 1994) quoting *Camp v. Pitts*, 411 U.S. 138 (1983); see also *Beerly v. Department of the Treasury*, 768 F.2d 942 (7th Cir. 1985).

In interpreting the recent revisions to IDEA 2004, some courts have concluded that it is within the District Court's discretion to allow new evidence to be presented on appeal from an administrative hearing. See, for example, *Schroll v. Board of Education Champaign Community Unit School District No. 4*, 170 U.S. District Court (C.D. Ill. 2007). Importantly, courts faced with the decision whether to admit additional evidence consider the deference owed to the administrative decision, unfairness to the opposing party, and the reason for the delayed submission. I respectfully submit to you that providing additional evidence is not appropriate in this case.

First, presenting additional evidence other than what has been submitted in the exhaustive record below would be inappropriate because the due process hearing panel conducted multiple days of hearings over the course of 2005 and 2007 which resulted in a lengthy, reasoned opinion which should be afforded significant deference. Secondly, it would be unfair to the Defendants to have to undergo discovery in this case after having already prepared for and participating in two due process hearings that spanned a period of two years. The District has already undergone significant expense in this case in defending what it considers to be a frivolous action brought by Mr. and Mrs. Anello. Furthermore, the Anellos moved out of Indian River School District one year after the student left the District- the student was parentally placed in a private school during the 2004/2005 school year, and the family moved out of state thereafter. Consequently, all relevant information was available to be presented to the hearing panel in 2005 and 2007. Lastly, and most importantly, during the most recent due process hearing (2007), the family did not present their case (other than cross-examining the District's witnesses). In other words, there were 4 days reserved for the hearing. The District put on its case during the first 2 days. After the District rested, it was presumed that the family would present the witnesses that they had identified, and put on their case. They did not do so. Therefore, any additional evidence that they attempt to supplement the record with at this point is improper as they have waived the right to do so by failing to present their case during the administrative hearing.

Morris James LLP

The Honorable Leonard P. Stark
January 2, 2008
Page 3

       For the foregoing reasons, I respectfully request that Your Honor propose a briefing schedule, with the family going first as they bear the burden of proving that the due process hearing panel committed legal error or made a decision that was not supported by substantial evidence.

                            Respectfully submitted,

                            James H. McMackin, III
                            (Bar I.D. #4284)

JHM/jam
cc:    Mr. and Mrs. Williams Anello (via U.S. Mail)
        Clerk of the Court (via e-filing)

1638912/1