

JOSEPH R. BIDEN, III
ATTORNEY GENERAL

DEPARTMENT OF JUSTICE
KENT COUNTY
102 WEST WATER STREET
DOVER, DE 19904

CRIMINAL DIVISION (302) 739-4211
FAX (302) 739-6727
CIVIL DIVISION (302) 739-7641
FAX (302) 739-7652
TTY (302) 739-1545

August 19, 2008

Civil Division/Sussex County (302) 856-5353

The Honorable Leonard P. Stark
U.S. District Court for
the District Court of Delaware
844 N. King Street
Wilmington, DE  19801

      RE: M.A. v. Indian River School District, et al.
         C.A. No. 07-668-LPS

Dear Magistrate Stark:

  I represent the Delaware Department of Education ("the Department") in connection with the above matter. On August 14, 2008, I received a copy of the Parent's Motion to Compel the Department to produce records of the Family Court.[1] As the Court is aware, the Department is not a party to the litigation, but the custodian of the administrative record created before a special education due process panel. The Court has scheduled a teleconference on August 21, 2008 at 2:00 p.m. for the purpose of discussing Parent's Motion to Compel.

  I am responsible for representing the State Board of Education on August 21st at its public meeting held in Dover at 1:00 p.m. I will, however, step out of the meeting to participate in the teleconference with the Court. In the meantime, this letter responds to Parent's Motion to Compel.

**A.** ***The Department's Role in Providing the Due Process Hearing System to Address Disputes Involving Special Education.***

  In Delaware, the Department is responsible for establishing and maintaining procedures to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education by public school districts. 20 U.S.C.§ 1415(a); 14 *Del. C.* § 3130 *et seq.* Such procedural safeguards include the implementation of a due process hearing system to permit parents of children with disabilities to submit complaints concerning the quality of their child's education. 20 U.S.C. § 1415(b)(7). The Department maintains and

---

[1] Reference is made generally to "Parent" to maintain her confidentiality.

The Honorable Leonard P. Stark
August 19, 2008
RE: *M.A. v. Indian River School District, et al.*

implements the due process hearing system as a mechanism to address such complaints. *See*, 14 *Del. C.* § 3130 *et seq.*; 14 DE Admin Code §§ 926.7.0 through 18.0.

A due process hearing is initiated by the filing of a due process complaint setting forth a description of the dispute. 14 *Del. C.* § 3135; 14 DE Admin Code § 926.11.0. Upon receipt of a complaint, the Secretary of Education appoints a three member panel consisting of a Delaware attorney, an educator knowledgeable in the field of special education, and a lay person with a demonstrated interest in the education of children with disabilities. 14 *Del. C.* § 3137(d); 14 DE Admin Code § 926.11.2.

Throughout the hearing process, the parties are afforded various rights, including the right to present evidence and confront and cross-examine witnesses. 14 *Del. C.* § 3138; 14 DE Admin Code § 926.12.0. Once the hearing is concluded, the panel is responsible for issuing a written decision containing findings of fact and conclusions of law. 14 *Del. C.* § 3138(a)(6); 14 DE Admin Code § 12.1.5.

Any party aggrieved by the panel's decision has the right to initiate a civil action seeking judicial review of the decision in the U.S. District Court or the Family Court of the State of Delaware. 20 U.S.C. § 1415(i)(2)(A); 14 *Del. C.* § 3142; 14 DE Admin Code § 926.16.1. When judicial review is sought, the Secretary of Education must certify and file with the court the record of the administrative hearing, including all documents submitted, a transcript of the testimony, and the decision of the hearing panel. 14 *Del. C.* § 3142(b). The court must receive the record of the administrative proceedings, hear additional evidence at the request of a party, and basing its decision on a preponderance of the evidence, grant such relief as the court deems appropriate. 20 U.S.C. § 1415(i)(1)(C); 34 C.F.R. § 300.516.

**B.     *The 2005 and 2007 Due Process Hearings Involving Parent.***

On or about September 1, 2004, Parent filed a due process complaint with the Department against the Indian River School District ("the District") alleging violations of the Individuals With Disabilities Education Act ("IDEA") with respect to her daughter's education. The Department appointed a three member panel and a due process hearing was conducted over the course of five days. Each party submitted documents into evidence and presented witnesses on their behalf. On June 30, 2005, the panel issued a written decision in the District's favor finding no violation of the IDEA or state law ("the first panel decision").

Parent then filed a civil action appealing the first panel decision to the Family Court. In accordance with 14 *Del. C.* § 3142, the Department filed the record of the first administrative hearing (DE DP 05-2) with the Family Court.

On or about January 19, 2007, the Family Court issued a decision remanding the case to a due process panel in order to resolve three issues. Specifically, the court directed the panel to determine: (1) whether the District timely identified Parent's daughter as a child with a disability and timely provided her with an IEP; (2) whether the IEP was reasonably calculated to provide Parent's daughter

The Honorable Leonard P. Stark
August 19, 2008
RE: *M.A. v. Indian River School District, et al.*

with a free appropriate public education; and (3) if the District failed to satisfy either obligation, what is the appropriate remedy.

In response, the Department appointed the same due process panel to decide the three issues identified by the Family Court. Before the hearing, the panel addressed what evidence the panel needed to hear. During the first hearing, the panel did not receive evidence on the issue of whether the District failed to timely identify the child in need of special education. Therefore, the panel determined it was appropriate to receive additional evidence on that issue. The panel determined it would review the record from the first hearing to determine the appropriateness of the IEP. The panel further permitted both parties to provide evidence on the proposed remedy and its appropriateness.

The second due process hearing (DE DP 07-20) was held over the course of three days. Both parties submitted documents into evidence and presented additional testimony from witnesses. On August 1, 2007, the panel issued a written decision finding the District failed to timely identify Parent's daughter as a child with a disability, but the IEP developed by the District was reasonably calculated to provide her with meaningful educational benefit ("the second panel decision").

Parent now seeks judicial review of the second panel decision in the District Court.

**C.   *The Content of the Administrative Record Filed with the Court.***

By Order of June 3, 2008, the Court directed the Department to file the record of the administrative proceedings under seal. The Department filed the record on July 10, 2008 and provided the District and Parent with a courtesy copy.

The administrative record filed by the Department includes the record of both due process hearings (i.e., DE DP 05-2 and DE DP 07-20) conducted by the administrative panel. The record includes all exhibits admitted into evidence by the parties, transcripts of the hearing, correspondence to and from the panel, the closing arguments of the parties, the panel's June 30, 2005 decision, and the panel's August 1, 2007 decision.

**D.   *Parent's Motion to Compel.***

Parent's Motion to Compel requests the Court to order the Department to produce the Family Court's January 19, 2007 decision and "all withheld documents" related to the Family Court's file. Parent also argues the Family Court's January 19th decision serves as the due process complaint and must be part of the administrative record.

The Department does not maintain, nor does it have access to, the records of the Family Court. The Department is not a custodian of the Family Court's file as it relates to the Family Court's January 19, 2007 decision. While the Family Court decision may have relevance to Parent's claims in her litigation in the District Court, the Family Court decision is not part of the administrative record created before the Department. Nor does it amount to a due process complaint under the IDEA. Rather, a due process complaint is specifically filed by a parent or public agency alleging a violation of the IDEA or state law with respect to the provision of special education services. 14 *Del. C.* § 3135; 14 DE Admin Code § 926.11.0. Further, Parent has access to the Family Court's January 19, 2007

The Honorable Leonard P. Stark
August 19, 2008
RE: *M.A. v. Indian River School District, et al.*

decision because she attached it to her Motion to Compel. To the extent Parent claims the Department should produce "all withheld documents", the Department is not clear what documents Parent is referring to.

    The Department believes it has complied with its responsibility to file the record of the administrative proceedings with the Court. Thank you for your courtesy and consideration.

                                Respectfully,

                                */s/ Jennifer L. Kline*
                                Deputy Attorney General
                                Bar ID No. 4075

cc:    Peter Dalleo, Clerk of Court
        Mr. and Mrs. William Anello
        James McMackin, Esquire
        The Honorable Valerie A. Woodruff
        Ms. Martha Toomey, Department of Education